IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM OWEN SPIVEY, II,
No. K81482,

        Petitioner,

  vs.                                    Case No. 13-cv-00693-DRH

MARK PHOENIX,
JAMES RYAN,
RICHARD HARRINGTON, and
SALVADORE A. GODINEZ,

        Respondents.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Petitioner Spivey, currently incarcerated at Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence. This matter is now before the Court for review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

Petitioner was convicted of aggravated battery against a peace officer and sentenced in 2009 to a six-year term of imprisonment, to be followed by two years' supervised release. Spivey asserts that he should have been released from prison on February 1, 2013, but he is being held in retaliation for his lawsuits against prison officials at Menard. Although he has purportedly lined up two post-release living programs, the respondent prison officials have refused to properly process and approve the paperwork necessary for Spivey's mandatory supervised release to commence. As relief, petitioner Spivey's petition seeks his immediate release from prison, presumably to one of his two proposed locations.

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3). However, it must be noted that in a habeas corpus proceeding the proper respondent is the prisoner's custodian; in other words, the warden of the prison where the inmate is confined. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim*, 443 F.3d 946, 948-49 (7th Cir. 2006). Thus, of the four named respondents, only Warden Richard Harrington is a proper respondent.

In this situation, the issue of exhaustion of administrative remedies cannot be ignored, although exhaustion is an affirmative defense usually raised by the

respondent. The Seventh Circuit has recognized that there is no statutory exhaustion requirement in Section 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1015–19 (7th Cir. 2004) (citing *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002)). However, "where Congress has not clearly required exhaustion, sound judicial discretion governs." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). Consequently, the Seventh Circuit has recognized a common law exhaustion requirement. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004). Furthermore, under *Younger v. Harris*, 401 U.S. 37 (1971), and the principles of equity, comity and federalism dictate that "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (citing *SKS & Assocs., Inc. v. Dart,* 619 F.3d 674, 677 (7th Cir. 2010) (applying *Younger* in a purely civil case)).

The petition discusses a habeas corpus petition pending in the Circuit Court of Randolph County, Illinois (Doc. 1, p. 6), and court documentation attached to the proposed amended petition recently submitted by Spivey clearly shows that, as of June 26, 2013, his state petition (filed May 15, 2013) was still pending, as the respondent(s) had not been served with process (Proposed Amended Petition, p. 9 re *Spivey v. Phoenix*, No. 13-MR-54 (Cir. Ct. Randolph Co., Ill., Doc. Entry June 26, 2013)).[1]

---

[1] Petitioner has moved to amend his petition to add another (improper) respondent and to elaborate and/or clarify the allegedly obstructionist activities of the respondents (Doc. 6). Even if the amended petition were filed, it would not cure the defects discussed in this Order or

IT IS THEREFORE ORDERED that, Respondents **MARK PHOENIX**, **JAMES RYAN** and **SALVADORE A. GODINEZ** are **DISMISSED** with prejudice.

IT IS FURTHER ORDERED that, in accord with the *Younger* doctrine and the exhaustion requirement, the instant petition shall be **DISMISSED** without prejudice. Judgment shall enter accordingly.

Although this action is dismissed, petitioner still owes the filing fee; therefore, his motion for leave to proceed as a pauper (Doc. 2) shall be addressed by separate order.

IT IS FURTHER ORDERED that petitioner's motion for leave to amend (Doc. 6) is **DENIED** for the reasons stated, and his motions to subpoena witnesses (Docs. 5, 7, 8) are **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: August 7, 2013

Digitally signed by David R. Herndon
Date: 2013.08.07 15:55:24 -05'00'

**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

otherwise impact the Court's analysis. Consequently, the motion to amend (Doc. 6) will be denied.